*294 OPINION.
MoRRis:
The proof offered at the hearing on the first allegation of error is based entirely upon the question of obsolescence of certain machinery purchased in 1920 which was replaced in 1921 by other machinery and equipment. Under the provisions of section 234 (a) (7) of the Revenue Act of 1921, the petitioner is entitled to “A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence.” Although a taxpayer may be entitled to an obsolescence deduction under the above provisions, in order to determine the amount thereof it is necessary to know the salvage value of the asset upon which the deduction is claimed. The petitioner’s books and records were in such an incomplete state that the president thereof was unable to testify as a fact that all of this machinery was only of scrap value when dismantled or that none of it was sold. *295 In fact he stated that some parts of all of the machinery may have been sold but he did not know how much was received for them. Therefore, for lack of definite evidence as to the salvage value when dismantled in 1921, we must sustain the findings of the respondent. The dismantled machinery was not charged out of the machinery account during the year 1921, and the petitioner has been given depreciation for that year in the computation of its net income.
The petitioner has offered no evidence whatsoever with respect to the second allegation of error and we, therefore, sustain the findings of the respondent.

Judgment will be entered for the respondent.